UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA KATE WHITMAN, a minor, and JOEL WHITMAN, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.,<br><br>Defendants. | Civil Action No. 03-CV-12543RGS |

## DEFENDANTS PRIMEDIA, INC. AND CHANNEL ONE COMMUNICATIONS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Primedia, Inc. and Channel One Communications Corporation's Motion to Dismiss asserts the most simple basis to terminate the plaintiffs' First Amended Complaint – the plaintiffs have failed to allege that Primedia or Channel One did anything wrong or that caused them harm. In fact, the plaintiffs' First Amended Complaint explicitly endorses Channel One's conduct as "proper" and says nothing at all about the actions of Primedia (Channel One's parent corporation). Because the First Amended Complaint lacks any allegation that Primedia or Channel One injured the plaintiffs, the Court should dismiss it.

The plaintiffs' theory of this case appears to be that defendant ADP improperly issued plaintiff Brooke Whitman a duplicate W-2 form for wages earned during the first half of 1997. The duplicate W-2 form confused the IRS and Massachusetts Department of Revenue as to the

plaintiffs' tax liability, forcing them to dispute inaccurate federal and state claims for outstanding tax liabilities. The plaintiffs claim this caused them financial hardship, emotional distress, and personal injuries and assert claims for negligence, negligent infliction of emotional distress, and loss of consortium against:

- ADP, the company that issued the duplicate W-2 form,
- Channel One Communications Corporation, Ms. Whitman's former employer, and
- Primedia, Inc., Channel One's parent corporation.

Primedia and Channel One have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts of the plaintiffs' First Amended Complaint against them. The plaintiffs cannot recover under any count against Primedia or Channel One as a matter of law because, quite simply, they have not alleged that Primedia or Channel One did anything wrong or caused them harm. As a result, the Court should enter judgment in favor of Primedia and Channel One on all counts of the First Amended Complaint.

## I.   SUMMARY OF ALLEGATIONS[1]

The plaintiffs' First Amended Complaint refers to Channel One in only six paragraphs. No where in these six paragraphs do the plaintiffs assert that Channel One took any action or made any omission that caused them injury. To the contrary, the only material assertion that the plaintiffs make regarding Channel One establishes that Channel One acted "properly" in issuing Ms. Whitman's 1997 W-2 form. Specifically, the First Amended Complaint states:

- Paragraphs 5 and 6 introduce Channel One as a defendant and explain that Channel One was at all relevant times a subsidiary of defendant Primedia, Inc. Complaint, ¶¶ 5-6.

- Paragraph 7 indicates that in June of 1997, Channel One "purchased and became the successor in interest to" Cover Concepts Marketing Services, Ms. Whitman's employer,

---

[1] For purposes of their Motion to Dismiss only, Primedia and Channel One accept as true the facts alleged in the plaintiffs' First Amended Complaint.

and that through this transaction, Channel One became Ms. Whitman's employer. Complaint, ¶ 7.

- Paragraph 9 asserts that following Channel One's acquisition of Cover Concepts, Channel One "took over all payroll and tax reporting responsibilities" for Cover Concepts' employees. Complaint, ¶ 9.

- Paragraph 10 establishes that in 1998, the plaintiffs filed their tax return and included a W-2 form that listed Channel One as Ms. Whitman's employer and reported all income that she earned in 1997 as a employee of both Cover Concepts and Channel One. Complaint, ¶ 10.

- Paragraph 13 explains after receiving a tax levy they from the IRS, the plaintiffs:

    > discovered that ADP had erroneously issued a separate and duplicate W-2 form on behalf of [Cover Concepts] for income during 1997 which was also included in *the W-2 form that was properly issued by Channel One*. Complaint, ¶ 13 (emphasis added).

The plaintiffs' allegations regarding Primedia are even scanter. The First Amended Complaint refers to Primedia in only a single paragraph. Paragraph 6 introduces Primedia as a defendant and the corporate parent of Channel One. The First Amended Complaint makes no substantive allegations regarding Primedia or its employees. It asserts no facts indicating that Primedia controlled Channel One in a way that would warrant piercing the corporate veil, or that the two corporations' activities were in any way intermingled.

As the limited mention of Channel One and Primedia in the First Amended Complaint suggests, Channel One and Primedia had only the most tangential relationship to the events the plaintiffs allege caused them injury. The allegations that are the heart of the plaintiffs' First Amended Complaint in fact have nothing to do with Channel One or Primedia. These facts are as follows:

Ms. Whitman worked for Cover Concepts Marketing Services from January until June of 1997. Complaint, ¶ 7. During this period, ADP, an outside vendor, managed all of Cover Concepts' payroll obligations, including issuing employee paychecks and W-2 forms to Cover

Concepts employees and reporting employee income to the Internal Revenue Service and the Massachusetts Department of Revenue,. Complaint, ¶ 8.

In June of 1997, Channel One acquired Cover Concepts, and Ms. Whitman became an employee of Channel One. Complaint, ¶¶ 6-7. Unbeknownst to Ms. Whitman, ADP issued her a duplicate W-2 form that reported the income she had earned in 1997 as an employee of Cover Concepts prior to the acquisition, income that was also included in the W-2 form that the First Amended Complaint states was *properly issued* by Channel One. Complaint, ¶ 13. More than two years after the plaintiffs filed their 1997 tax return, they received a Notice of Levy from the IRS alleging that they had underreported their 1997 income by approximately $12,000 – apparently the amount of income reported in the duplicate W-2 form issued by ADP. Complaint, ¶ 11. In 2002, the Massachusetts Department of Revenue also notified the plaintiffs that they had an outstanding state tax liability based on the duplicate ADP W-2 form. Complaint, ¶ 15. The plaintiffs challenged both of these inaccurate claims and prevailed in both cases. Complaint, ¶¶ 14, 16.

When the plaintiffs' dispute with the IRS arose, Ms. Whitman was approximately eleven weeks pregnant. Complaint, ¶ 12. The First Amended Complaint alleges that because of the emotional distress Ms. Whitman suffered in dealing with the IRS dispute and the financial hardship it caused, she subsequently suffered from pre-eclampsia and gave birth prematurely. Complaint, ¶ 19.

II.  **ARGUMENT**

   A.   Standard of Review Under Fed. R. Civ. P. 12(b)(6)

A court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations."[2] In evaluating a motion to dismiss, the material allegations contained in the complaint are taken as true and all reasonable inferences are resolved in favor of the plaintiff.[3] Under this standard, the Court should dismiss the plaintiffs' First Amended Complaint against Primedia and Channel One in its entirety.

> B.   The Court Should Dismiss The First Amended Complaint Against Primedia Because Primedia Is Not Liable For The Acts Of Its Subsidiary Channel One.

The plaintiffs' claims against Primedia fail because the First Amended Complaint makes no attempt to pierce the corporate veil to hold Primedia liable as Channel One's parent corporation. It is well-settled that absent extraordinary circumstances justifying a piercing of the corporate veil, a parent corporation cannot be held liable for the acts of a subsidiary. Common ownership alone "will not give rise to liability on the part of one corporation for the acts of another corporation..."[4] Because piercing the corporate veil is the exception rather than the rule, plaintiffs seeking to disregard the corporate form must meet a very high standard,[5] alleging facts that demonstrate the existence of an agency-like relationship between the corporate entities, such as pervasive control by the representatives of one corporation over the activities of the other or intermingling of the activities of the two corporations with substantial disregard of the separate nature of the entities.[6]

Here, the plaintiffs have alleged only that Primedia is Channel One's parent corporation. This fact alone simply does not justify piercing the corporate veil in this case. Without any

---

[2] Limone v. United States, 271 F. Supp. 2d 345, 349 (D. Mass. 2003) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).
[3] See Limone, 271 F. Supp. 2d at 349.
[4] My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619 (1968). See also United States ex rel. Kneepkins v. Gambro Healthcare, Inc., 115 F. Supp. 2d 35, 39 (D. Mass. 2000) ("Ownership - even total ownership - of a corporation does not by itself impart the corporation's liabilities to the owner, and that rule is not abated simply because the owner happens to be another corporation.")
[5] See Commonwealth Aluminum Corp. v. Baldwin Corp., 980 F. Supp. 598, 605 (D. Mass. 1997) (citing American Home Assurance Co. v. Sport Maska, Inc., 808 F. Supp. 67, 73 (D. Mass. 1992)).
[6] See My Bread Baking Co., 353 Mass. at 619.

additional facts indicating that this case is one of the "rare particular situations" in which a court should disregard separate corporate entities to "prevent gross inequity," the Court should dismiss causes of action 1 through 3 against Primedia.[7]

### C. The Plaintiffs Have Not Pled Cognizable Claims For Negligence, Negligent Infliction Of Emotional Distress, Or Loss Of Consortium.

To maintain a claim for negligence against Primedia and Channel One, the plaintiffs must plead that (1) the defendants owed them a legal duty of care; (2) the defendants breached that duty through an act or omission; (3) the plaintiffs suffered injury; and (4) there was a causal relationship between the breach of duty and the plaintiffs' harm.[8] The plaintiffs cannot meet this standard with respect to Primedia and Channel One no matter how charitably and liberally one construes their allegations because they have failed to allege facts that support a claim for negligence against Primedia and/or Channel One.

The plaintiffs' factual allegations are entirely inconsistent with their claim of negligence against Primedia and Channel One. In paragraph 13 of the First Amended Complaint, the plaintiffs in fact admit that Channel One acted properly when it issued Ms. Whitman the W-2 form:

> ADP had erroneously issued a separate and duplicate W-2 form on behalf of [Cover Concepts] for income during 1997, income which was also included in *the W-2 form that was properly issued by Channel One*.

Complaint, ¶ 13 (emphasis added). Assuming, as we must, that this factual allegation is true, there is no claim that Primedia and Channel One caused the improper issuance of a duplicate W-2 form that set the chain of events in motion that allegedly resulted in harm to the plaintiffs. In

---

[7] See Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 626 (1990).
[8] See Jorgensen v. Massachusetts Port Auth., 905 F.2d 515, 522 (1st Cir. 1990) (applying Massachusetts law); Adams v. Starwood Hotels & Resorts Worldwide, 253 F. Supp. 2d 76, 81 (D. Mass. 2003); Dinsky v. Framingham, 386 Mass. 801, 804 (1982).

addition to admitting that Channel One's W-2 form was proper, no where in the First Amended Complaint do the plaintiffs identify any action or omission by Primedia or Channel One that would constitute a breach of any duty Primedia or Channel One owed to any of the plaintiffs or that is connected to their alleged harm. Because they have not alleged any breach of duty by Primedia or Channel One – an essential element of all of their claims – the plaintiffs cannot as a matter of law succeed in their claims against Primedia and Channel One.

The plaintiffs' remaining claims for infliction of emotional distress and loss of consortium rely on their allegations of negligence and therefore must be dismissed as well. To recover for negligent infliction of emotional distress, a plaintiff must prove the defendant's negligence as one element of the tort.[9] To prevail on a loss of consortium claim, a plaintiff must similarly prove that a tortious act occurred and caused injury.[10] Since the plaintiffs' negligence claim is legally deficient, this Court should also dismiss these dependant claims.

---

[9] See Gouin v. Gouin, 249 F. Supp. 2d 62, 74 (D. Mass. 2003); Payton v. Abbott Labs, 386 Mass. 540, 557 (1982).

[10] See Lorenc v. Be Free, Inc., 136 F. Supp. 2d 1, 3 (D. Mass. 2001) (citing Sena v. Commonwealth, 417 Mass. 250, 264 (1994)); Mouradian v. General Elec. Co., 23 Mass. App. Ct. 538, 544 (1987).

III. **CONCLUSION**

For the reasons set forth above, Primedia, Inc. and Channel One Communications Corporation request dismissal of all counts of the First Amended Complaint.

Respectfully submitted,

PRIMEDIA, INC. and CHANNEL ONE COMMUNICATIONS CORPORATION

By their Attorneys,

*/s/ Kristin Sostowski*
Michael Kendall (BBO #544866)
Kristin D. Sostowski (BBO #652770)
McDermott, Will & Emery
28 State Street
Boston, MA 02109
(617) 535-4000

Dated: January 26, 2004

BST99 1388605-3.051618.0015

CERTIFICATION OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party ~~by mail~~ (by hand) on 1/26/04
*/s/ Kristin Sostowski*