UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA KATE WHITMAN, a minor, and JOEL WHITMAN, Individually<br><br>**Plaintiffs**<br><br>vs.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.<br><br>**Defendants** | Civil Action No.<br>03-CV-12543RGS |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANTS, PRIMEDIA, INC. and CHANNEL ONE COMMUNICATIONS CORPORATION, AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Now come the plaintiffs and file their Opposition to the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the defendants, Primedia, Inc. and Channel One Communications Corporation. At the same time, and as part of their Opposition, plaintiffs also file their Motion for Leave to File the Second Amended Complaint that is attached hereto.

**Facts**

Until June 1997, Plaintiff, Brooke Whitman, worked for Cover Concepts Marketing Services ("Cover Concepts"). During this period, the defendant, Automatic Data Processing, Inc. ("ADP"), an outside vendor, performed all of Cover Concepts' payroll obligations for it, including issuing payroll checks and W-2 forms to employees, and reporting employee income to the Internal Revenue Service ("IRS") and Massachusetts Department of Revenue ("DOR").

In June 1997, Channel One Communications Corporation ("Channel One") acquired Cover Concepts and took over all the payroll tasks and responsibilities that had previously been performed by ADP. In early 1998, Channel One issued a W-2 to the plaintiff, and on it was reported all of the income that she had earned in the year 1997 while working for both Cover Concepts and Channel One. Plaintiff then stated that same income figure on the joint federal and state income tax returns that she filed with her husband, Joel Whitman, for the year 1997.

Unbeknownst to plaintiffs, ADP issued Brooke Whitman a separate W-2 form on which was reported the income that she had earned in 1997 as an employee of Cover Concepts before the acquisition in June. This sum duplicated some of the income that was reported on the W-2 form that was issued by Channel One (for the period from January to June 1997). ADP also provided this income information to the federal and state tax authorities.

On October 13, 2000, the IRS notified Brooke and Joel Whitman that their income, as reported on their joint 1997 income tax return, was underreported by about $12,000, which was the amount of income reported in the duplicate W-2 form issued by ADP. In 2002, the Mass. DOR also notified the plaintiffs that had an outstanding state tax liability for the same reason.

The plaintiffs challenged both the IRS and DOR assessments, and ultimately prevailed against both entities. However, because of the emotional distress that Brooke Whitman suffered in dealing with the IRS dispute, including the IRS' freezing of her and her husband's bank accounts when she was 15 weeks pregnant, she suffered from pre-eclampsia and premature birth of her daughter, Samantha Whitman.

**Argument**

Both Channel One and Primedia, Inc. argue that there is no allegation of any impropriety against them in the First Amended Complaint. In addition, Primedia, Inc. says there is no allegation that it was acting in any capacity other than as the corporate owner of its subsidiary, Channel One, and this too is insufficient. Plaintiffs will address these arguments separately, and also address its move for leave to file a Second Amended Complaint to cure any defects.

### 1) Impropriety of Channel One and Primedia, Inc.

Defendants suggest that by using the word, "properly," in paragraph 13 of the Complaint, where it states "the W-2 form that was *properly* issued by Channel One," (emphasis added), they essentially concede that Channel One and Primedia, Inc. (hereinafter in this part, "the defendants") did nothing that in any way contributed to the fact that there was a duplicate W-2 form issued. However, this is a very narrow reading of the word, "properly," and it misreads and/or misconstrues the Complaint as a whole. Moreover, to the extent the Complaint is defective in stating a cause of action against the defendants, plaintiffs move to remedy this defect by filing the Second Amended Complaint which is attached hereto. See part 3, *infra*.

The gist of plaintiffs' case is that only one W-2 form should have been issued to Brooke Whitman, not two, and she now seeks redress from whoever was responsible for the fact that a duplicate W-2 form was issued. On the surface at this time, that appears to be ADP, because at the time it issued the W-2 form, it no longer was responsible for managing the payroll of Cover Concepts. Thus in that sense, ADP did "erroneously" issue the W-2 form that it did, and, in contrast, the defendants did "properly" issue the W-2 form that it did (paragraph 13).

Despite "properly" issuing a W-2 form, however, the defendants may still bear some responsibility for the fact that ADP issued a duplicate W-2 form "erroneously." This would

have happened because of some lack of communication between them and ADP, or some miscommunication between them, regarding who was to issue the W-2. The First Amended Complaint does plead that after June 1997, Channel One took over all payroll and tax reporting responsibilities for employees (paragraph 9). It can reasonably be inferred that one of those responsibilities included ensuring that there not be any duplicate W-2 forms issued for any employees for 1997, or that, once learning about the duplicate reporting of income, they take proper steps to make sure the taxing authorities not do what they did.

While only pretrial discovery will reveal the extent of the communications between the defendants and ADP on this issue, anything the defendants did or failed to do in this regard would be a substantial factor in causing the harm that befell the plaintiffs, notwithstanding their having "properly" issued a W-2 form. This is why there were allegations of negligence against the defendants in the First Amended Complaint. (See Causes of Action 1-3, and Demands for Relief 1-3). Those allegations, when read in conjunction with everything else stated or reasonably inferred in the First Amended Complaint, are sufficient to state a cause of action against the defendants, and therefore the Motion to Dismiss should be denied.

**2) Liability of Primedia, Inc.**

Plaintiffs do not know the true relationship between Channel One and Primedia, Inc., although it believes, and therefore has averred in the Complaint, that the former is a subsidiary corporation of the latter. Plaintiffs do know, however, that Channel One advertises itself to the world on its website as "a PRIMEDIA, Inc. company"(see a copy of the Channel One website, which is attached hereto as Ex. 1, available at http://channelone.com/common/about/), and that Primedia, Inc. advertises to the world on its website that its "leading television brand is the Channel one Network." (See a copy of the Primedia, Inc. website which is attached hereto as Ex.

2, available at http://primediainc.com/overview/). A company that holds itself out publicly as essentially indivisible from another company (to reap the benefits of all the good will and esteem of that other company) ought not to be able to distance itself from that other company at its whim, to prevent liability.

Because of this indivisibility of the two companies, plaintiffs believe that Primedia, Inc. controlled and/or directed Channel One's activities in regard to the issuance of the W-2 forms, and/or that Channel One and Primedia, Inc. acted in a joint venture with respect to those activities, and/or that Channel One acted at all times as the agent for Primedia, Inc. Either way, Primedia, Inc. would be just as responsible as Channel One for any negligence committed by Channel One. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618-19 (1968):

> A corporation or other person controlling a corporation and directing, or participating actively in....its operations may become subject to civil...liability on principles of agency or of causation....This may sometimes occur where corporations are formed, or availed of, to carry out the objectives and purposes of the corporations or persons controlling them....[some factors to consider in holding one corporation responsible for the actions of another, related corporation, are] when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting. In such circumstances, a court "need not consider with nicety which of them" ought to be held liable for the act of one corporation "for which the plaintiff deserves payment." [citation omitted].

Although plaintiffs believe they have pled sufficiently against Primedia, Inc. within the four corners of the First Amended Complaint, if the Court determines that they did not do so, then they ask the Court for leave to file the Second Amended Complaint that is hereto attached, and which makes the allegations that ostensibly are missing from the First Amended Complaint. See part 3, *infra*.

### 3) Motion for Leave to Amend and to File Second Amended Complaint

In the event this Court determines that the plaintiffs have not sufficiently pled their case against the defendants, they move, pursuant to Fed. R. Civ. P. 15(a), for leave to amend their First Amended Complaint by filing the Second Amended Complaint which is attached hereto.

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and dismissal under Rule 12(b)(6) <u>without</u> permitting the plaintiffs leave to amend is "inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

In this case, there has been no undue delay in seeking leave to amend, nor has there been any previously allowed motion to amend by the Court (the First Amended Complaint was filed before anyone responded to the Complaint, to correct the name of one of the defendants). Also, this a not case where an amendment would be futile.[1] The plaintiffs claim that they were injured as a result of someone's negligence, there clearly was negligence in reporting duplicate income and issuing two W-2's as was done, and they ought to be "afforded an opportunity to test [their] claim on the merits." Id. Finally, there is no undue prejudice to anyone if this case proceeds.

---

[1] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," Shane v. Fauver, 213 F.3d 113, 115 (2000).

Moreover, the Second Amended Complaint contains an allegation that was inadvertently omitted from the First Amended Complaint, which, *per se*, may contain the basis of a negligence claim against Channel One and/or Primedia, Inc. Attached to the Second Amended Complaint is a letter dated June 21, 1999 from Vic Frusciante, Payroll Manager at Channel One, to "Brooke" (who is the plaintiff, Brooke Whitman). According to the letter, Channel One recognized the issue of plaintiff's duplicate income and W-2 forms, and tried to do something to rectify it with the IRS (but not the Mass. DOR). Obviously, what it tried to do was insufficient, and the advice given, that "you do not need to file an amended income tax return for 1997," was also incorrect.

For all these reasons, plaintiffs move that this Court should, if it determines that the existing First Amended Complaint is insufficient, should allow the plaintiffs' Motion for Leave to File the Second Amended Complaint.

### Conclusion

For the reasons stated above, plaintiffs ask this Court to deny the Motion to Dismiss of Channel One and Primedia, Inc. Alternatively, if the Court decides to allow the Motion, plaintiffs ask that they be given leave to amend the Complaint so as to cure any defect in the pleadings which this Court finds, and to that end, they ask that the Court accept the Second Amended Complaint for filing, which is hereto attached.

Dated: February 9, 2004

The Plaintiffs
By Their Attorneys

_____
Norman J. Fine, Esq. (BBO #165280)
Robert Anderson, Esq. (BBO #018520)
NORMAN J. FINE, P.C.
200 State Street - 3 North
Boston, MA 02109
(617) 345-0000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party ~~by mail~~ (by hand) on: 2/9/04

_____

-7-