LAW OFFICES OF
# NORMAN J. FINE, P.C.
MARKETPLACE CENTER
200 STATE STREET - 3 NORTH
BOSTON, MASSACHUSETTS 02109

TELEPHONE
(617) 345-0000

FACSIMILE
(617) 439-4434

*FILED CLERKS OFFICE*
*JUN 15 P 12: 14*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

June 14, 2004

Mr. Tony Anastas, Clerk
United States District Court
 for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

**RE:   Brooke K. Whitman, et al. v. Automatic Data Processing, Inc., et al.
       Civil Action No: 03-CV-12543RGS**

Dear Mr. Anastas:

Enclosed for filing please find the following:

   Plaintiffs' Statement in Accordance with the Court Order
   Dated March 22, 2004

Kindly file this document with the papers, record this information on the docket, and present same to the Court for its consideration, as soon as practicable.

Thank you.

Very truly yours,

Norman J. Fine

Encl.
Cc:   Ann M. Donovan, Esq.      (By mail)
      Robert D. Hillman, Esq.   (By mail)
      Robert C. Anderson, Esq.  (By FAX)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA KATE WHITMAN, a minor, and JOEL WHITMAN, Individually<br><br>Plaintiffs<br><br>vs.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.<br><br>Defendants | Civil Action No.<br>03-CV-12543RGS |

**PLAINTIFFS' STATEMENT IN ACCORDANCE WITH
THE COURT ORDER DATED MARCH 22, 2004**

The plaintiffs now make the following Statement in accordance with the Court Order of March 22, 2004, which occurred at the Rule 16.1 Scheduling Conference. Said Order was in response to the oral Motion to Reconsider the Motion to Dismiss made then by the defendant, Channel One Communications Corporation, d/b/a Channel One Network ("Channel One").

**Background**

The gist of Channel One's Motion to Dismiss was that there were insufficient averments contained in the Plaintiffs' Second Amended Complaint that Channel One did anything which in any way caused or contributed to cause the so-called "duplicate [or double] reporting of income"

to the federal and state tax authorities which forms the basis of this lawsuit.[1] While plaintiffs asserted then that the averments in the Second Amended Complaint sufficiently describe the wrongful activity of Channel One in this matter, the Court gave the plaintiffs a limited period of time to conduct some discovery to determine if there was any basis for a cause of action against Channel One for this "duplicate reporting of income."[2]

### Statement as to Channel One's role in the "duplicate reporting of income."

Plaintiffs served both defendants with Interrogatories, and they were timely answered. On the basis of information contained in the Answers to Interrogatories provided by ADP, there is ample evidence that Channel One was responsible for the "duplicate reporting of income" that occurred, either partially or entirely. In support of this Statement, plaintiff attaches hereto copies of the Answers to Interrogatories of Channel One (Ex. 1) and the Answers to

---

[1] In this Statement, the terms, "duplicate reporting of income" and/or "double reporting of income" have the following meaning. In 1997, plaintiff, Brooke Anderson (now, Brooke Whitman) worked for a company called Cover Concepts Marketing Services, Inc. ("Cover Concepts"), and Automatic Data Processing, Inc. ("ADP") handled the payroll work for that company. In mid-June, Channel One took over Cover Concepts, and at that time ADP stopped doing the payroll work, and Channel One began doing it by itself. In early 1998, when the employees' W-2 forms were prepared and their income was reported electronically to the federal and state tax authorities for the year 1997, both ADP and Channel One reported Brooke Anderson's income, i.e., ADP reported the nearly $12,000 that she had earned from January to mid-June when she worked for Cover Concepts, and Channel One reported her entire year's earnings. The money that was reported twice, i.e., the almost $12,000 that she earned from January to mid-June, is what plaintiffs refer to as "duplicate [or double] reporting of income."

[2] The Court was not concerned about the sufficiency of the allegations against ADP. In fact, ADP never challenged the Second Amended Complaint. Thus the reason for the plaintiffs having to file a Statement was to "prove" that there was sufficient grounds for the case to continue against BOTH defendants, as opposed to just ADP alone.

Interrogatories of ADP (Ex. 2), and direct the Court's attention to Channel One's Answers no. 6-11, and ADP's Answers no. 5-10.

In its Answers to Interrogatories, Channel One states that it told ADP not to produce any W-2's for any of the Cover Concepts employees for the year 1997 (No.'s 6-7), and blames ADP for the "double reporting of income" that occurred (No. 8-11).  However, in its Answers to Interrogatories, ADP denies ever receiving any instructions from Channel One (or anyone) that it should not do the W-2's and report the income (No. 5), and states that Channel One was responsible for the "double reporting of income" that occurred in this case (No's 7-10).  In fact, ADP expressly identifies and blames Channel One as the entity responsible for the "duplicate reporting of income" in this case, noting that ADP was even paid for reporting the income as it did (No. 8).

Thus there is a major conflict between Channel One's version of what happened, and ADP's version, with each defendant blaming the other for causing the "double reporting of income" which occurred with respect to Brooke Anderson.  Accordingly, there is sufficient evidence already on record to show that Channel One bears at least some, if not all, of the responsibility for what happened in this matter.

**Conclusion**

For the above reasons, there is ample evidence to allow the Plaintiffs' claims to continue against both defendants at this time, and Channel One's renewed (oral) Motion to Dismiss should be denied.

Plaintiffs,
By Their Attorneys,

Dated: June 14, 2004

_____
Norman J. Fine, Esq. (BBO #165280)
Robert Anderson, Esq. (BBO #018520)
NORMAN J. FINE, P.C.
200 State Street - 3 North
Boston, MA 02109
(617) 345-0000

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail / by hand.

Date: 6/14/04   _____

-4-