UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 23 P 3: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| BROOKE K. WHITMAN, Individually and as | ) | |
| Mother and Next Friend of SAMANTHA- | ) | |
| KATE WHITMAN, a minor, and JOEL., | ) | Civil Action No. |
| WHITMAN, Individually | ) | 03-CV-12543RGS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTOMATIC DATA PROCESSING, INC., | ) | |
| CHANNEL ONE COMMUNICATIONS | ) | |
| CORPORATION, d/b/a CHANNEL ONE | ) | |
| NETWORK, and PRIMEDIA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF DEFENDANT AUTOMATIC DATA PROCESSING, INC. TO PLAINTIFFS' STATEMENT IN ACCORDANCE WITH THE COURT ORDER DATED MARCH 22, 2004

Defendant, Automatic Data Processing, Inc. ("ADP") submits this response to Plaintiffs'

Statement in Accordance with the Court Order Dated March 22, 2004 ("Plaintiffs' Statement"),

which was filed pursuant to the Court's order directing plaintiffs to provide a preliminary

statement justifying the position that plaintiffs could pursue claims of negligence against either

defendant, or both defendants, arising from the alleged "double reporting" the income of

plaintiff of Brooke Whitman for the year 1997.

Plaintiffs' Statement addresses the sufficiency of evidence to maintain an action against

defendant Channel One, Inc. ("Channel One"). ADP provides this statement in support of

plaintiffs' position that Channel One could be found by a jury to be negligent, and further to

address plaintiffs' failure to articulate any theory of liability against ADP.[1]

## FACTS

The pleadings and documents produced in this case to date, as well as the parties'

answers to interrogatories and deposition testimony, support the following statement of facts.[2]

Prior to June, 1997, ADP had processed the payroll of a company called Cover Concepts,

Marketing Services, Inc. ("Cover Concepts, Inc."), which included the payroll of plaintiff

Brooke Whitman, then Brooke Anderson. Cover Concepts, Inc. was a client of ADP for payroll

and tax reporting services.   See Defendant Automatic Data Processing, Inc.'s Answers to

Interrogatories at 4 (hereinafter "Ans. to Ints.").[3]

In June 1997 Cover Concepts, Inc. entered into an Asset Purchase Agreement (the

"Agreement") with Cover Concepts, LLC, a subsidiary of Channel One ("Cover Concepts,

LLC").[4]  Pursuant to the Agreement, Cover Concepts, LLC agreed to purchase certain assets,

including the name, of Cover Concepts, Inc. The Agreement specifically stated that the buyer:

(a) did not acquire certain assets, specifically including "all Federal and state tax deposits and

prepaid insurance [Agreement at ¶ 1.02(c)]; and (b) did not assume certain liabilities, specifically

including "any liabilities in respect to any tax, including but not limited to Federal, state, local or

---

[1] The parties' stipulation, approved by the Court, states that ADP and Channel One are to respond to the Second Amended Complaint following the Court's ruling on Plaintiffs' Response. In connection with this procedure, ADP requests that the Court dismiss the claims against ADP in this action at this point. If directed to remain in the case, ADP will, in connection with its response to the Complaint, assert a cross-claim against Channel One for contribution on the grounds of its negligence as set forth herein.
[2] Channel One was deposed under Fed. R. Civ. P. 30(b)(6). The transcript of that deposition has not yet been delivered to the parties. Certain statements of fact concerning Channel One's actions are based on that testimony.
[3] A true and accurate copy is attached as Exhibit A.
[4] A true and accurate copy of the Asset Purchase Agreement produced by Channel One is attached hereto as Exhibit B.

2

foreign income, sales and use taxes, excise taxes, payroll taxes . . .." Agreement at ¶ 1.04(a).
The seller, ADP's client, warranted that it "had duly filed returns required to be filed and paid all
taxes and other charges due by Seller to any Federal, state or local taxing authorities except for
those taxes Purchaser has agreed to pay pursuant to this Agreement." Agreement at ¶ 4.15.[5]

In addition to these provisions regarding taxes, the Agreement specifies that the
purchaser "shall offer employment to the employees of Seller." Agreement at ¶ 6.03. This
provision incorporates a Schedule, not produced by Channel One, which may have listed Brooke
Anderson among those employees to be offered employment. There is no dispute that she
became employed by Cover Concepts, LLC following the June 18, 1997 closing date.

Finally, the Agreement required the seller "to change its name from Cover Concepts
Marketing Services, Inc. to any name that does not include the words 'Cover Concepts' within
thirty (30) days following the Closing and shall furnish evidence thereof to Purchaser."
Agreement at ¶ 6.10. It is undisputed that Cover Concepts, Inc. changed its name in June or
July, 1997 to "1989, Inc."

Plaintiffs' Statement fails to make clear that, following the asset sale, Cover Concepts,
Inc. did not cease to exist, rather, it changed its name to "1989, Inc." 1989, Inc. continued the
corporate existence of Cover Concepts, Inc. and, most importantly for the purposes of this action,
continued to be an active client of ADP, using the same federal tax identification number as it
had before it changed its name. Ans. to Ints. at 4. In June, 1997, Brooke Anderson became
employed by Cover Concepts, LLC, and terminated as an employee of ADP's client, 1989, Inc.
For the remainder of 1997, ADP continued to provide payroll services for 1989, Inc., which

---

[5] The Purchaser, Cover Concepts, LLC agreed to pay all state and local sales, transfer or like taxes in
connection with the sale of assets. Agreement at ¶ 6.02.

maintained an active payroll through December, 1997. Ans. to Ints. at 9.

In December 1997, ADP was advised that 1989, Inc. would terminate its payroll services with ADP. Representatives of 1989, Inc. contacted ADP and ordered end-of-year tax services, including the production of forms W-2 for certain of its former employees including Brooke Anderson. In February, 1998, ADP invoiced these services to 1989, Inc., was paid for these services, was paid for these services by 1989, Inc. and performed these services which included the electronic transfer of the payroll data to the social security administration and the physical delivery of forms W-2 to 1989, Inc. Ans. to Ints. at 8.

At its deposition, defendant Channel One stated that it caused the employees of Cover Concepts, LLC to have their payrolls processed by Ceridian, Inc. ("Ceridian"), another payroll service provider. Channel One undertook, at the end of tax year 1997, to have Ceridian report the income of employees of Cover Concepts, LLC to the Social Security Administration for all four quarters of 1997, including the first two quarters of the year, when Brooke Anderson was employed by Cover Concepts, Inc., an entirely separate corporation. This action by Channel One and Ceridian resulted in the double-reporting of income earned by Brooke Anderson while she was employed by Cover Concepts, Inc. during the first two quarters of 1997.

The evidence further shows that, in 1999 Channel One learned that persons that it employed through Cover Concepts, LLC had income from the first two quarters of 1997 reported twice to the taxing authorities. The evidence demonstrates that Channel One attempted on at least one and possibly two occasions, to submit the to the Internal Revenue Service ("IRS") forms necessary to prevent action against the former employees of 1989, Inc. to collect what the IRS believed to be delinquent taxes. Moreover, Channel One failed to notify Brooke Whitman

4

of the IRS's position with respect to her 1997 income. Plaintiffs allege that the IRS levy on their accounts was the first notification they received that there was any question concerning the reporting of her 1997 income.

## ARGUMENT

In its Order, the Court directed plaintiffs to identify to the Court claims which they could pursue against Channel One, ADP, or both of them. ADP submits this Response for two purposes: (1) to supplement Plaintiffs' Statement regarding the basis of a claim of negligence against Channel One; and (2) to point out plaintiffs' failure to provide the Court with the grounds for any theory that ADP was negligent. Because plaintiffs fail to articulate a theory of liability against ADP on the undisputed facts, ADP should be dismissed from this action.

### A.    Plaintiffs' Assert a Claim for Negligence Against Channel One.

Plaintiffs assert that Channel One was negligent because of a contradiction between the accounts given in answers to interrogatories by Channel One and ADP (see Plaintiffs' Statement at 2-3). For the purposes of this statement, ADP accepts plaintiffs' fundamental thesis, that is, that facts exist on which a jury could find that Channel One was negligent, but states that this negligence is based on the evidence produced by Channel One, not merely the variance in explanation of the occurrences and the fact that the defendants "blamed each other" as charged by plaintiffs.

It is undisputed that, at the time Brooke Whitman's income for the first two quarters of 1997 were apparently double-reported to the Social Security Administration, Channel One was her employer. Channel One contracted with Ceridian to provide end-of-the-year reports which included all four quarters of income for the former employees of Cover Concepts, Inc./1989, Inc.

5

In so doing, Channel One deliberately reported the income of employees which was earned while they were employed by a different company, using a different tax identification number.

In light of the terms of the Asset Purchase Agreement, Channel One's action is inexplicable. The seller, 1989, Inc. maintained its corporate existence following the asset sale. Moreover, each and every provision in the Agreement relating to payroll and other taxes assigns responsibility for those taxes to the seller, 1989, Inc. Unsurprisingly, 1989, Inc., which was ADP's client and which had continued to process an active payroll through the end of 1997, ordered end-of-year tax reporting from ADP. Equally unsurprisingly, ADP fulfilled its client's order for these services and reported Brooke Anderson's earnings from 1989, Inc. for the first two quarters of 1997, the time when she was actually employed by 1989, Inc.

Plaintiffs may maintain an action against Channel One because Channel One was negligent in reporting her income earned from Cover Concepts, Inc./1989, Inc. for the first two quarters of 1997. This negligence is underscored by the plain wording of the Agreement, which expressly left the responsibility for pre-closing payroll taxes to the seller.

Even if Channel One had not acted negligently in connection with the initial reporting of Brooke Anderson's income, it clearly acted negligently when it had the opportunity to clarify to the IRS the fact that plaintiff had been over-reported by $12,000 in 1997. ADP expects the evidence to show that Channel One received notification that the IRS questioned the tax reporting of certain Cover Concepts, LLC employees for 1997 and, in response to those inquiries, attempted to file a Form W-3C. A Form W-3C is necessary to explain errors in earlier tax reports. The evidence from Channel One's file is that that form was returned and possibly re-filed some five months later. Nevertheless, Channel One failed to take the steps necessary after

6

it had been notified of the fact that there had been excess income reported for its employees.

Plaintiffs can characterize the failures to act in 1999 as a "negligent undertaking of Channel One which is amply supported in Massachusetts law. See, e.g., Cottam v. CVS Pharmacy, 436 Mass. 316 (2002) (pharmacy owing no duty to warn or prescription side-effects, but which undertakes to warn and does so negligently, may be liable). To the extent that ADP may remain a party to this action, ADP intends to make this assertion by means of a cross-claim of contribution.

**B.    Plaintiffs fail to articulate a viable claim against ADP.**

ADP understood the Court's order of March 22, 2004 to require the plaintiffs to identify for the Court the theory and factual basis why it believed it could pursue a claim of negligence simultaneously against Channel One and ADP. Based on the foregoing facts, plaintiffs identify no grounds upon which this court could find that ADP owed a duty to Brooke Whitman in this case.

The undisputed facts indicate that ADP continued to provide payroll services to its client 1989, Inc. and reported Brooke Anderson's 1997 income in response to a direction of its client, 1989, Inc. Plaintiffs cannot make out a case of negligence against ADP because ADP did not breach a duty of care to anyone. ADP provided payroll services to 1989, Inc. through the end of 1997. ADP was advised that Brooke Anderson was a terminated employee as of June, 1997. At the end of the year, in response to an order from 1989, Inc., ADP completed its end-of-year services, produced a Form W-2 for Brooke Anderson, provided that document to 1989, Inc. and reported her income. Nothing in Plaintiffs' Response identifies how these facts support a cause of action for negligence against ADP.

7

Plaintiffs may argue that Channel One, following the asset purchase, may have advised ADP that it intended to report a full year of income for any employees of Cover Concepts, Inc. that accepted an offer of employment that was extended under the terms of the Asset Purchase Agreement. Even if the plaintiffs could proffer admissible evidence to support this assertion, their claim would require ADP to refuse to execute a direct request from an active payroll client (1989, Inc.) to fill an order for payroll services at the behest of at the request of a company, (Channel One, Inc./Cover Concepts, LLC) which had no business relationship of any kind with ADP.

A finding that plaintiffs cannot find that ADP owed a duty in this case is supported by Massachusetts law. O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000) (existence of a duty of care is a question of law for the court.) In the present case, ADP's duty ran exclusively to its client, 1989, Inc. See, e.g., National Bank of Canada v. Hale & Dorr LLP, 2004 WL 1049072 (Slip Op., April 28, 2004) (duty of law firm in lending transaction runs exclusively to its client); O'Connell v. Bank of Boston, 37 Mass. App. Ct. 416, 419 (1994) (duty of an investigator runs to the client, not the person being investigated). In December, 1997, ADP owed a duty to its client, 1989, Inc., to fulfill the clients' order for year-end tax services. ADP did so by reporting income earned by employees of 1989, Inc. during the portion of the year they were employed by that company, and delivering accurate Forms W-2 to 1989, Inc. This Court may determine that plaintiffs cannot show that, as of December, 1997, ADP owed a duty to take any action other than to accurately fulfill the order of its client, and accurately report its employees' income.

Absent a basis for asserting a duty of care by ADP in December, 1997, ADP states that the Court may, under the terms of its March 22, 2004 Order, dismiss ADP from this case.

## CONCLUSION

For the foregoing reasons, defendant Automatic Data Processing, Inc. requests that the Court enter an Order dismissing the claims against it in this case.

AUTOMATIC DATA PROCESSING, INC.,

By its attorneys,

Paul R. DeRensis, BBO #121000
Robert D. Hillman, BBO #552637
DEUTSCH WILLIAMS BROOKS
      DeRENSIS & HOLLAND P.C.
99 Summer Street
Boston, MA 02110-1235
(617) 951-2300

Date:  June 23, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on this date.

DWLIB 160941v1
101/18