UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA-KATE WHITMAN, a minor, and JOEL., WHITMAN, Individually<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.<br><br>Defendants. | Civil Action No.<br>03-CV-12543RGS |

**DEFENDANT, AUTOMATIC DATA PROCESSING, INC.
ANSWERS TO SECOND AMENDED COMPLAINT**

Pursuant to Rule 7 of the Rules of Federal Procedure, Defendant Automatic Data Processing, Inc. ("Defendant") hereby answers the Plaintiffs' Second Amended Complaint.

**PARTIES**

1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.  Defendant admits that Automatic Data Processing, Inc. is a corporation with a

principal place of business at 1 ADP Boulevard, Roseland, New Jersey and denies the remaining allegations contained in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS

8. Defendant admits that Plaintiff Brooke Whitman was employed by Cover Concepts Marketing Services, Inc. and that her employment by that company terminated in June, 1997 and denies the remaining allegations contained in this paragraph.

9. Defendant denies the allegations contained in this paragraph.

10. Defendant denies the allegations contained in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Defendant denies the allegations contained in this paragraph.

13. Defendant admits the allegations contained in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Defendant denies the allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Defendant denies the allegations contained in this paragraph.

## CAUSES OF ACTION

Defendant states that the "Causes of Action" numbered 1 through 15 contained in the Second Amended Complaint are not allegations to which a responsive pleading is required. To the extent a responsive pleading may be deemed to be required, Defendant denies those allegations.

## DEMANDS FOR RELIEF

Defendant states that the "Demands for Relief" numbered 1 through 15 contained in the Second Amended Complaint are not allegations to which a responsive pleading is required. To the extent a responsive pleading may be deemed to be required, Defendant denies those allegations.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint and each and every count thereof fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were caused by a party or parties over which the Defendant has no control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by contributory and/or comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred on the grounds that the injuries alleged were not proximately caused by the actions of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Defendant, Automatic Data Processing, Inc. provided no payroll services to plaintiff or plaintiffs' employer.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the grounds that the Defendant owed no duty directly to the Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the grounds that the Defendant had no contractual relationship with the Plaintiffs.

Defendants state that discovery in this case is on-going and reserves its right to supplement it affirmative defenses.

AUTOMATIC DATA PROCESSING, INC.,

By its attorneys,

/s/
_____
Paul R. DeRensis, BBO #121000
Robert D. Hillman, BBO #552637
DEUTSCH WILLIAMS BROOKS
   DeRENSIS & HOLLAND P.C.
99 Summer Street
Boston, MA 02110-1235
(617) 951-2300

Date:  August 6, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on this date.

/s/
_____

DWLIB 164046v1
101/18