UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA KATE WHITMAN, a minor, and JOEL WHITMAN, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC. and CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK,<br><br>Defendants. | Civil Action No. 03-CV-12543RGS |

## CHANNEL ONE COMMUNICATIONS CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, CROSS-CLAIM AND JURY DEMAND

Channel One Communications Corporation ("Channel One") responds to the numbered paragraphs of the Plaintiffs' Second Amended Complaint as follows:

1. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 1.

2. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 2.

3. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3.

4. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 4.

5. Admitted.

6. No answer is required as Primedia, Inc. is no longer a party to this litigation.

7. Denied.

8. As to the first sentence, Channel One has no knowledge as to the allegations in this sentence and can neither admit nor deny it. As to the second sentence, denied.

9. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9.

10. Denied.

11. Denied.

12. Channel One lacks sufficient knowledge or information as to what the plaintiffs knew about a W-2 issued to Brooke Whitman, but admits, upon information and belief, that ADP did prepare a printed W-2 for Brooke Anderson for 1997 listing her employer as 1989, Inc.

13. Channel One admits the allegations as to Channel One only contained in the first sentence of paragraph 13, but denies the remaining allegations in paragraph 13.

14. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14.

15. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15.

16. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16.

17. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 17.

18. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18.

19. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19.

20. Channel One lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Causes of Action

1-15. No answer is required. To the extent one is required, the allegations are denied. Channel One also states that Causes of Action 5, 6, 11, 12 and 15 against Primedia, Inc. have already been dismissed by this Court.

## Demands for Relief

1-9. Denied.

## AFFIRMATIVE DEFENSES

1. The statute of limitations has run.

2. The Plaintiffs have failed to state a claim upon which relief can be granted.

3. If the Plaintiffs have been injured, this was caused by the actions of one for whom Channel One is not responsible.

4. There is no subject matter jurisdiction.

5. The Plaintiffs have failed to join an essential party.

6. The Plaintiffs are barred by the doctrine of laches.

7. The Plaintiffs' claims are limited or barred by the doctrine of comparative negligence.

8. The Plaintiffs are estopped by their own actions.

9. The Plaintiffs have waived any claims against Channel One.

10. The intervening acts or omissions of others are responsible for any damages the Plaintiffs may have suffered.

11. Nothing Channel One did or failed to do was a proximate cause of any injury to the Plaintiffs.

12. Plaintiff's injuries were not reasonably foreseeable.

13. Channel One did not owe any duty to Joel Whitman and/or Samantha Whitman from which liability may arise.

Channel One hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defense.

WHEREFORE, Channel One asks that the Court enter a judgment in its favor, award it costs and attorneys fees, and award all other relief that is fit and just.

## CROSS- CLAIM

Defendant Channel One, pursuant to Fed. R. Civ. P. 13 (g), complains and says as follows by way of cross-claim against defendant Automatic Data Processing, Inc. ("ADP"):

1. Channel One repeats and incorporates by reference to the Answer above all responses, admissions, denials and affirmative defenses.

2. This cross-claim arises out of the same occurrence that is the subject matter of plaintiffs' Second Amended Complaint in this action.

3. ADP does business in the Commonwealth of Massachusetts and has a principal place of business at 225 Second Avenue in Waltham, Massachusetts.

4. Channel One Communications Corporation has a principal place of business at 600 Madison Avenue in New York, New York.

5. The Court has ancillary jurisdiction over the cross- claim.

6. Cover Concepts LLC (a LLC owned 99% by Channel One Communications Corporation) purchased certain assets of Cover Concepts Marketing Services, Inc. on or about June 18, 1997.

7. On or about July 15, 1997 Cover Concepts LLC changed its name to Cover Concepts Marketing Services, LLC (a LLC owned 99% by Channel One Communications Corporation).

8. Brooke Whitman (formerly Brooke Anderson) was an employee of Cover Concepts Marketing Services, LLC (f/k/a Cover Concepts, LLC) from on or about June 18, 1997 to December 31, 1998.

9. Upon information and belief, ADP provided payroll services, including preparation of W-2 forms, to Cover Concepts Marketing Services, Inc. before Cover Concepts LLC purchased certain assets of Cover Concepts Marketing Services, Inc.

10. Channel One gave ADP specific instructions not to produce 1997 W-2's for former Cover Concept Marketing Services, Inc. employees relating to income

earned by those employees, which would include Brooke Whitman, from January 1, 1997 through June 16, 1997.

11. ADP did prepare a printed W-2 for Brooke Anderson (now Whitman) for 1997 listing her employer as 1989, Inc. and her income from 1989, Inc. as $11,999.96.

12. ADP electronically transferred the information contained in the W-2 for Brooke Anderson described in paragraph 11 to the Social Security Administration.

13. The W-2 prepared by ADP did not list Cover Concept Marketing Services, Inc. as Brooke Anderson's employer.

14. Cover Concepts LLC prepared a W-2 form for Brooke Anderson (now Whitman) listing her income for January 1, 1997 through December 31, 1997 as $25,487.03.

15. Plaintiffs claim the alleged duplicative reporting of Brooke Whitman's income caused emotional distress and resulted in pre-eclampsia and the premature birth of Samantha Kate Whitman.

16. Plaintiffs have filed a Second Amended Complaint alleging negligence against Channel One and ADP.

## COUNT I
(COMMON LAW INDMENIFICATION)

17. Channel One repeats and incorporates herein the allegations contained in paragraphs 1 to 16.

18. If plaintiffs were injured and damaged as alleged as a result of negligence, which Channel One denies, Channel One did not participate in any negligent conduct, and any alleged harm to plaintiffs was caused solely by their own negligence and/or the negligence of ADP.

19. Channel One was not and is not *in pari delicto* with ADP. Any liability of Channel One, which Channel One denies, is vicarious and derivative, while the liability of ADP is direct and actual.

20. If Channel One is adjudged liable to or settles with plaintiffs, then ADP must be found liable to indemnify Channel One for all of that judgment or settlement, plus interest, costs and attorneys' fees.

WHEREFORE, Channel One requests judgment against ADP for all sums Channel One pays or is ordered to pay the plaintiffs, plus interest, costs and attorneys' fees.

## COUNT II
(CONTRIBUTION)

21. Channel One repeats and incorporates herein the allegations contained in paragraphs 1 to 20.

22. If plaintiffs were injured and damaged as alleged, which Channel One denies, then the negligent acts or omissions of ADP were the proximate cause of plaintiffs' injuries and damages.

23. If Channel One is adjudged liable to the plaintiffs or settles with the plaintiffs, then ADP must be found jointly liable, and Channel One will be entitled to contribution from ADP.

WHEREFORE, Channel One requests judgment in contribution from ADP for any amount Channel One pays or is ordered to pay the plaintiffs, plus interest, costs and attorneys' fees.

## JURY DEMAND

CHANNEL ONE DEMANDS A TRIAL BY JURY ON ALL ISSUES.

CHANNEL ONE COMMUNICATIONS
CORPORATION
By its attorney,

*/s/ Ann M. Donovan*

Ann M. Donovan
BBO # 552819
Law Office of Ann M. Donovan
1087 Beacon Street
Suite 204
Newton, MA  02459
(617) 965-3222

Dated:  August 6, 2004

## CERTIFICATE OF SERVICE

I, Ann M. Donovan, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid on the following:

Norman J. Fine, Esquire
Robert Anderson, Esquire
Norman J. Fine, P.C.
200 State Street--3 North
Boston, MA  02109

Paul R. DeRensis, Esquire
Robert D. Hillman, Esquire
Deutsch Williams Brooks DeRensis & Holland, P.C.
99 Summer Street
Boston, MA  02110

Date:  August 6, 2004

*/s/ Ann M. Donovan*

8