UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA-KATE WHITMAN, a minor, and JOEL., WHITMAN, Individually<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.<br><br>Defendants. | Civil Action No.<br>03-CV-12543RGS |

**CROSS-CLAIM OF DEFENDANT
AUTOMATIC DATA PROCESSING, INC.
AGAINST DEFENDANT CHANNEL ONE
COMMUNICATIONS CORPORATION**

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, defendant Automatic Data Processing, Inc. asserts the following cross-claim against the co-defendant, Channel One, Inc. in numbered paragraphs as follows:

**PARTIES**

1. The plaintiffs, Brooke K. Whitman, Joel Whitman and Samantha Kate Whitman, are individuals residing at 136 Woodbrook Lane, Hanson, Massachusetts.

2. The plaintiffs assert certain claims, including claims of negligence, against Automatic Data Processing, Inc. as well as Channel One which are contained in the Second Amended Complaint which is incorporated herein by reference.

3.      Defendant and cross-claim plaintiff Automatic Data Processing, Inc. is a corporation having its principal place of business located at One ADP Boulevard, Roseland, New Jersey. Automatic Data Processing, Inc. is a corporate entity engaged in businesses related to the provision of payroll services nationally. Payroll services are provided to clients by a corporate entity knows as ADP, Inc. (hereinafter "ADP"). ADP is not a party named in this action.

4.      The Defendant and cross-claim defendant Channel One Communications Corporation (hereinafter "Channel One.") is a corporation with a principal place of business at 600 Madison Avenue, 6th Floor, New York, NY.

## JURISDICTION

5A.     As the grounds for this cross-claim arisen from the same occurrence that is the subject matter of plaintiffs' Second Amended Complaint, this Court has ancillary jurisdiction over this matter.

5.      In or about 1993, ADP began to provide payroll services to Cover Concepts Marketing Services, Inc. ("Cover Concepts, Inc."), a company located in Braintree, Massachusetts.

6.      Prior to 1997, plaintiff Brooke Whitman (then Brooke Anderson) became an employee of Cover Concepts, Inc. As part of the services ADP provided for Cover Concepts, Inc., its client, ADP processed paychecks for employees of Cover Concepts, Inc., including Brooke Whitman and others, and provided Cover Concepts, Inc. with services including withholding of funds for tax payments and the reporting of income to tax authorities.

7.      In or about June 1997, Channel One entered into a transaction by which it required substantially all of the assets of Cover Concepts, Inc. Under the terms of the asset

purchase, Channel One, through a new corporate entity called Cover Concepts, LLP ("Cover Concepts, LLP"), acquired certain assets of Cover Concepts, Inc. including, but not limited to, the corporate name.

8. On or about the date subsequent to the termination of her employment with Cover Concepts, Inc. Brooke Whitman began to be employed by Cover Concepts, LLP. Cover Concepts, LLP was a different corporate entity than Cover Concepts, Inc. which was a subsidiary of Channel One.

9. Following the acquisition of its assets, and in conformance with the terms of the Contract, Cover Concepts, Inc. changed its name. Cover Concepts, Inc. became known as "1989, Inc." 1989, Inc. maintained the corporate existence of Cover Concepts, Inc. including the federal tax identification number of Cover Concepts, Inc.

10. From June 1997 to December 1997, 1989, Inc. maintained its corporate existence an continued to process a weekly payroll through ADP.

11. For the period starting in approximately June, 1997, the payroll and related tax reporting functions for the former employees of Cover Concepts, Inc. who were hired by Cover Concepts LLP were, on information and belief, contracted with Ceridian Corporation.

12. In the ordinary course of its services to Cover Concepts, Inc., ADP performed year-end payroll services and reported the income of the employees of Cover Concepts, Inc./1989, Inc. to the Social Security Administration.

13. In February, 1998, in the ordinary course of its services to Cover Concepts, Inc., ADP produce a full set of forms W-2 for Cover Concepts, Inc.'s employees. 1989, Inc. accepted delivery of the printed Forms W-2. 1989, Inc. paid ADP in full for its year-end services, including the cost of production of the Forms W-2.

14. At the conclusion of 1997, Channel One, together with its payroll company Ceridian Corporation reported income for the employees of Cover Concepts, LLP. Channel One reported all income earned by the employees of Cover Concepts, LLP for both the time they were employed by that company and for the time they were employed by Cover Concepts, Inc.

15. Channel One duplicated the report of Brooke Whitman's income for the first two quarters of 1997.

16. In approximately 1999, Channel One was advised that there were anomalies in its tax reporting for the year 1997 for certain of its employees. Channel One received notice from the Internal Revenue Service.

17. In response to the notice, Channel One attempted to file papers with the Internal Revenue Service sufficient to correct Channel One's double reporting of employees for the first two quarters of 1997. Channel One failed to file the papers to the satisfaction of the Internal Revenue Service and those papers were rejected. On information and belief, Channel One failed to ultimately correct the problem notwithstanding the IRS's advice that it do so. As a result of Channel One's acts and omissions, the Internal Revenue Service levied the accounts of the plaintiffs as alleged in the Second Amended Complaint.

## COUNT I
### (Contribution)

18. Automatic Data Processing, Inc. repeats and realleges the allegations contained in Paragraphs 1 through 17 as it fully set forth herein.

19. To the extent that plaintiffs' were injured or damaged as alleged in the Second Amended Complaint, which Automatic Data Processing, Inc. denies, then the negligent acts or omissions of defendant Channel One, Inc. were the proximate cause of plaintiffs' injuries and

damages.

20.     If Automatic Data Processing, Inc. is judged liable to the plaintiffs or settles with the plaintiffs then Channel One must be found jointly liable and Automatic Processing, Inc. will be entitled to contribution from Channel One.

WHEREFORE, Automatic Data Processing, Inc. requests that a judgment for contribution from ADP from Channel One for any amount which Automatic Data Processing, Inc. pays or is ordered to play to the plaintiffs, plus interest, costs and attorneys fees.

## COUNT II
### (Common Law Indemnification)

21.     Automatic Data Processing, Inc. repeats and realleges the allegations contained in Paragraphs 1 through 20 as it fully set forth herein.

22.     If plaintiffs were injured and damaged as alleged in the Second Amended Complaint as a result of negligence, which Automatic Data Processing, Inc. denies, Automatic Data Processing, Inc., did not participate in any negligent conduct and any alleged harm to the plaintiffs were caused solely by their own negligence and/or the negligence of Channel One.

23.     Any liability of Automatic Data Processing, Inc. which Automatic Data Processing, Inc. denies, would be derivative of and solely due to, the conduct of Channel One while the liability of Channel One is direct and actual.

24.     If Automatic Data Processing, Inc. is adjudged liable or settles with the plaintiffs, then Channel One must be found liable to indemnify Automatic Data Processing, Inc., for all of that judgment or settlement plus interest costs and attorneys fees.

WHEREFORE, Automatic Data Processing, Inc. requests judgment from Channel One for all sums which Automatic Data Processing, Inc. pays or is ordered to pay to the plaintiffs

plus interest, costs and attorneys fees.

## JURY DEMAND

Automatic Data Processing, Inc. demands a trial by jury on all issues.

AUTOMATIC DATA PROCESSING, INC.,

By its attorneys,

/s/
_____
Paul R. DeRensis, BBO #121000
Robert D. Hillman, BBO #552637
DEUTSCH WILLIAMS BROOKS
   DeRENSIS & HOLLAND P.C.
99 Summer Street
Boston, MA 02110-1235
(617) 951-2300

Date:  August 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by *first-class mail* on this date.

/s/
_____

DWLIB 164055v2
101/18