UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKE K. WHITMAN, Individually and as Mother and Next Friend of SAMANTHA-KATE WHITMAN, a minor, and JOEL., WHITMAN, Individually<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK, and PRIMEDIA, INC.<br><br>Defendants. | Civil Action No.<br>03-CV-12543RGS |

**DEFENDANT AUTOMATIC DATA PROCESSING, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendant, Automatic Data Processing, Inc. ("Automatic Data Processing") opposes the "Motion of Plaintiffs to Amend the Second Amended Complaint by Dismissing Some of the Claims and Amending the Allegations as to Damages, and to File the Third Amended Complaint Which is Attached" (the "Motion to Amend") on the grounds that the proposed Third Amended Complaint: (a) concedes that the preceding versions of the Complaint were based on allegations lacking a good faith basis in fact; and (b) that, in bringing the entirely new theory of damages into this case, plaintiff concedes that she failed to disclose critical evidence concerning her initial, and evidently groundless, claim.

For these reasons, Automatic Data Processing opposes the request of the plaintiff to file a

Third Amended Complaint and seeks dismissal of this case. In the alternative, Automatic Data Processing states that plaintiff Brooke Whitman's claim is permitted to go forward, the Court revise the discovery deadlines in this case.

## **FACTS**

This action was commenced in the Suffolk Superior Court. Defendant Automatic Data Processing was served with plaintiffs' First Amended Complaint and removed the action to this Court on December 17, 2003. The First Amended Complaint alleged causes of action by three plaintiffs, Brooke Whitman, her husband, Joel Whitman, and their daughter Samantha Whitman.

The First Amended Complaint, and the Second Amended Complaint subsequently filed in this Court, alleged that the defendants had negligently caused the income earned by Brooke Whitman during her employment during the year 1997 to be reported to the Internal Revenue Service in amounts greater than she actually earned. Plaintiffs contended that this alleged over-reporting of her income resulted in the Internal Revenue Service levying the bank accounts of Brooke Whitman in 2000 causing emotional distress. See Second Amended Complaint at ¶14.

The central damages component of the First and Second Amended Complaint was the plaintiffs' contention that "as a direct and proximate result of the emotional distress suffered by Brooke Whitman as aforesaid, Brooke Whitman suffered pre-eclampsia and gave birth prematurely to her daughter, Samantha Kate Whitman at about twenty-eight (28) weeks gestation." Second Amended Complaint at ¶ 22. Although Samantha Whitman suffered was not alleged to have suffered permanent affects of her early delivery, plaintiffs sought damages including some $350,000 in medical expenses for her care. Plaintiffs' Automatic Disclosures, Exhibit B.

At the scheduling conference in this case, both defendants sought early disclosure of

plaintiffs' expert medical opinions concerning the causal relation of stress and pre-eclampsia. The Court required disclosure of plaintiffs' expert opinions on or before August 16, 2004. The Scheduling Order afforded defendants a period through September 15, 2004 in which to depose plaintiffs' experts.

Following the Scheduling Conference, plaintiffs disclosed documents to defendants, including medical records of Brooke Whitman relating to pre-eclampsia and the delivery and neo-natal care of Samantha Kate Whitman. Plaintiffs also disclosed the list of persons who they contended had knowledge of relevant facts. See Exhibit A.

When plaintiffs' expert disclosures were served, the nature of the case changed entirely. Plaintiffs identified no expert to provide an opinion concerning pre-eclampsia at all. Instead, plaintiffs identified four witnesses as experts to give the opinion that the actions of the Internal Revenue Service caused plaintiff Brooke Whitman to have postpartum depression See Plaintiffs' Expert Disclosures, Exhibit B.

Following receipt of these expert disclosures, plaintiffs now move to amend their Complaint to dismiss the claims of plaintiffs Joel Whitman and Samantha Kate Whitman from the case. Plaintiff Brooke Whitman seeks to abandon her allegations about pre-eclampsia, cited above, asserting instead that "[a]s a direct and proximate result of the emotional distress suffered by Brooke Whitman as aforesaid, she developed postpartum depression after the birth of her daughter, Samantha Kate Whitman." See proposed Third Amended Complaint, attached to Plaintiff's Motion to Amend.

In their initial disclosures, in April, 2004, plaintiffs failed to provide any documents relating to treatment received by Brooke Whitman for postpartum depression. Even though one of the witnesses identified as experts by the plaintiffs state that she provided treatment to Brooke

Whitman for postpartum depression, she was not identified as a person having knowledge of facts relating to the issues in this case. See Plaintiffs' Initial Disclosures, Exhibit A.

## ARGUMENT

Automatic Data Processing requests that this Court deny plaintiffs' motion inasmuch as it seeks to assert a Third Amended Complaint. Although leave to amend pleadings "shall be freely given when justice so requires" Fed.R.Civ.P. 15(a), plaintiffs' assertion of groundless pleadings and failure to disclose information that now forms the basis of a new theory of the case demonstrates that, in this case, justice does not so require.

In the alternative, defendants are so prejudiced by plaintiff Brooke Whitman's new theory of the case and the withholding of information that the discovery deadlines currently in place should be revised.

**A.    Plaintiffs' groundless theory and withholding of critical information justify the denying their motion to submit a Third Amended Complaint.**

Plaintiffs have engaged in a tandem set of abuses of their obligations which justify denying their motion to file a Third Amended Complaint. First, plaintiffs evidently advanced a theory of recovery based on a medical proposition which had no evidentiary support. Second, plaintiffs failed in their mandatory initial disclosures to provide documents or identify witnesses concerning the new allegations concerning postpartum depression, notwithstanding the fact that their first three Complaints sought damages for emotional distress during the time that she now claims to have been receiving treatment for depression. Fed.R.Civ.P. 26(a)(1).

In both the First and Second Amended Complaint, plaintiffs asserted that the claims of Samantha Kate Whitman and Joel Whitman as well as the emotional distress claims of Brooke Whitman were grounded on the proposition that Brooke Whitman's pre-eclampsia and the

consequent premature delivery of Samantha Kate Whitman were caused by stress.

Plaintiffs maintained this medical theory in this court for seven months. When plaintiffs' expert disclosures were served on August 16, 2004, plaintiffs failed to identify any expert to provide a basis for plaintiffs' pre-eclampsia theory. In their Motion to Amend, plaintiffs explain this by stating that they "have not been able to locate any expert witness to testify regarding a causal relationship between the defendants' negligence and Brooke Whitman's pre-eclampsia." Motion to Amend at 1. Consequently, the plaintiffs admit that they have no case against the defendants regarding the pre-eclampsia, and wish to drop those allegations." Id.

At the time the Second Amended Complaint was signed and filed with this Court, plaintiffs required a good faith belief that there was an evidentiary basis for every allegation of fact contained in that pleading. Fed.R.Civ.P. 11(b). In filing the Motion to Amend, plaintiffs concede that they did not have evidence to support the central contention in their lawsuit – one for which they sought over $350,000 in damages. This action alone warrants the sanction of dismissal of the action.

The failure to have a factual basis for the pre-eclampsia theory is compounded by plaintiffs' evident withholding of important relevant information which they were required to disclose to the defendants. Although their claim included emotional distress in the period following the birth of Samantha Kate Whitman, their initial disclosures fail to include any records for treatment relating to postpartum depression. This postpartum depression evidently occurred at the same time as the "emotional distress" alleged in the First Amended Complaint and the Second Amended Complaint.

These two related acts - asserting a medical theory having no good faith basis in fact and withholding information concerning treatment for related emotional distress – justify denial of

the Motion to Amend. There can be little question that plaintiffs proceeded in this case asserting their medical theory of pre-eclampsia without first obtaining a medical opinion concerning that causation which it could present to this Court.

The function of Fed.R.Civ.P. 15(a) is to enable a party to assert matters which were overlooked or unknown at the time of the original complaint. Charles Wright, Arthur Miller and Mary Kane, Civil Practice and Procedure § 1473 (2d ed. 1990). The postpartum depression theory is not one unknown when plaintiffs filed this action in 2003 — the treatment had occurred in early 2001. See Exhibit B (opinion of Deborah A. Farber, R.N.). Presenting novel claims based on facts known at the time an action was commenced is grounds to deny a motion to amend. Wimm v. Jack Ekerd Corp., 3 F.3d 137 (5th Cir. 1993) (plaintiffs' motion to amend denied nine months into case where facts underlying new claims were known to plaintiffs at time of filing.) See also, Windsor Card Shops, Inc. v. Hallmark Cards, Inc., 957 F.Supp. 562 (D.N.J. 1997) (no amendment permitted when new claim could have been brought in original complaint but was omitted for tactical reasons).

In addition, in their expert disclosures, plaintiffs state that Deborah A. Farber, R.N. actually treated Brooke Whitman for anxiety and depression, and prescribed medication for Ms. Whitman. See Exhibit B. Nevertheless, Ms. Farber was not identified as persons potentially having knowledge concerning the matters asserted in the complaint. Similarly, notwithstanding the fact that she have now been identified as a witness and notwithstanding the fact that the proposed Third Amended Complaint asserts a claim based entirely on postpartum depression, plaintiffs still have not produced a single document to the defendant in any way to postpartum depression, including the records of Ms. Farber's treatment.

These abuses of F.R.Civ.P. 26(a) are also grounds to deny plaintiffs' Motion to Amend.

6

Plaintiffs' conduct in this case crosses the line which separates aggressive advocacy from the violations of the rules governing candor with the court and opposing parties. The combination of advancing a groundless theory while concealing evidence of a condition which was required to be disclosed, and now trying to move that concealed condition to the center of the case warrants sanction. Denying the Motion to Amend and dismissing this case is, in these circumstances, an appropriate sanction.1

      **B.**     **In the alternative, the discovery deadlines should be revised.**

In the alternative, Automatic Data Processing states that this court should provide amended discovery deadlines. If the Third Amended Complaint is accepted, Automatic Data Processing requests that the Court establish revised deadlines by which the defendants may engage in both taking the depositions of the plaintiff's experts as well as extending the deadlines by which defendant Automatic Data Processing would be required to identify rebuttal experts.

Good cause exists for this requests as demonstrated above. Plaintiff Brooke Whitman's assertion of an entirely novel theory of the case as well as plaintiffs' failure to provide any documents relating to the allegations of postpartum depression forces the defendants to engage new experts in different fields of maternal-fetal medicine, psychiatry and psychology. Without the medical records, the defendants cannot even start that process. Accordingly, Automatic Data Processing requests that, in the alternative, the Court schedule a further conference in this case to establish a revised discovery schedule.

## **CONCLUSION**

For the foregoing reasons, defendant Automatic Data Processing requests that this Court

---

1 Automatic Data Processing does not oppose the Motion to Amend to the extent it seeks to dismiss plaintiffs Joel Whitman and Samantha Kate Whitman as parties.

deny plaintiffs' Motion to Amend and to enter an order dismissing this action or, in the alternative, enter an order extending the discovery deadlines in this case.

AUTOMATIC DATA PROCESSING, INC.

By its attorneys,

/s/   Robert D. Hillman
_____
Robert D. Hillman
DEUTSCH WILLIAMS BROOKS DeRENSIS
  & HOLLAND, P.C.
99 Summer Street
Boston, MA   02110-1213
(617) 951-2300

Dated:  September 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by facsimile and first class mail on this date.

/s/ Robert D. Hillman
_____

DWLIB 167225v1
101/18