MARKETPLACE CENTER
200 STATE STREET, 23 NORTH
BOSTON, MASSACHUSETTS 02109

TELEPHONE
(617) 345-0000

FACSIMILE
(617) 439-4434

**DELIVERED BY HAND**

April 5, 2004

Michael D. Kendall, Esq.
McDermott, Will & Emory
28 State Street
Boston, MA 02109

Robert Hillman, Esq.
Deutsch Williams
99 Summer Street
Boston, MA 02110

RE:   Brooke K. Whitman v. Automatic Data Processing, Inc.
      United Sates District Court No: 03CV12543RGS

Dear Mr. Kendall and Mr. Hillman:

The following information is disclosed to you in accordance with Fed. R. Civ. P. 26(a)(1):

(A) The name, address and phone numbers of each person likely to have discoverable information which the plaintiff may use to support his claims or defenses

1) Brooke Whitman, 136 Woodbrook Lane, Hanson, MA 02341, (781) 523-1182.

2) Joel Whitman, 136 Woodbrook Lane, Hanson, MA 02341, (781) 523-1182.

3) Joseph D. Seckelman, Esq., 5190 Governor Drive, Suite 208, San Diego, CA 92122, (858) 535-1879.

4) Robert C. Anderson, Esq., 2728 Fifth Avenue, San Diego, CA 92103, (619) 233-9070.

5) Jose C. Scerbo, M.D., 571 Main Street, South Weymouth, MA 02190, (781) 331-6907.

6) Michael D. House, M.D., Tufts New England Medical Center Hospital, 750 Washington Street/Box 851, Boston, MA 02111, (617) 636-5000.

Michael D. Kendall, Esq.
Robert Hillman, Esq.
April 5, 2004
Page 2

7) Sabrina Darlene Craigo, M.D., Tufts New England Medical Center Hospital, 750 Washington Street, Boston, MA 02111, (617) 636-3371.

8) Vic Frusciante, now or formerly the Payroll Manager for Channel One Network, 600 Madison Avenue, Sixth Floor, New York, N.Y. 10022, (212) 508-6800.

9) Those (presently unnamed) employees or agents of the defendants who had responsibility for seeing to it that Brooke Whitman's income in 1997 was reported correctly to the state and federal tax authorities, and those who reported it incorrectly to them.

**(B) Copies of all documents or tangible things in the possession, custody or control of the plaintiff, which he may use to support his claims or defenses.**

1) Records dealing with the over-reporting of Brooke Whitman's income to the state and federal tax authorities for calendar year 1997, and the efforts the plaintiffs underwent to resolve the issues that arose because of it, with the Internal Revenue Service (IRS) and the Massachusetts Department of Revenue (DOR). Some of these records are attached hereto, and the remainder are believed to be in the files of Attorney Joseph D. Seckelman and Robert C. Anderson, who represented Brooke and Joel Whitman in their disputes with the IRS and DOR. These records have been requested, and upon receipt of same, a complete copy of them will be sent to the defendants.

2) Medical records of South Shore Hospital. Plaintiffs have also requested copies of these records, and upon receipt of same, a complete copy will be sent to the defendants.

3) Medical Records from New England Medical Center Hospital (NEMC). A few of them are available, and copies are attached hereto. The entire medical record has been requested, and upon receipt of same, a complete copy of it will be sent to the defendants.

4) The letter of Vic Frusciante dated June 21, 1999 (copy attached hereto).

5) The medical records of Ms. Whitman's treating obstetrician during her pregnancy, Dr. Scerbo, and the doctors who treated her and Samantha at NEMC, Drs. House and Craigo. Plaintiffs do not have these records at this time, but will provide copies to the defendants upon receipt of same.

6) The (presently unknown) records and files of the defendants which concern the over-reporting of the income of Brooke Whitman (formerly Brooke Anderson) for calendar year 1997, who had responsibility for seeing to it that her income was not over-reported for that year, and the reason why it was over-reported.

Michael D. Kendall, Esq.
Robert Hillman, Esq.
April 5, 2004
Page 3

7) The (presently unknown) bills and billing records of the New England Medical Center Hospital, and of any treating physician there, regarding Brooke Whitman's treatment there for pre-eclampsia, and Samantha Whitman's treatment there at the neonatal intensive care unit (NICU). Plaintiffs are seeking same and will provide complete copies to the defendants when they are received.

(C) A computation of the damages sustained by the plaintiffs.

The economic losses consist of two kinds:

1) The bills and expenses incurred by Brooke and Joel Whitman to resolve the issue of the over-reporting of Brooke Whitman's income for calendar year 1997 with the IRS and DOR. It is believed these are about $5,000, but copies of these bills and expenses are being requested, and upon receipt of same, they will be sent to the defendants.

2) The medical bills that were incurred by Brooke Whitman for the treatment of her pre-eclampsia, and by Samantha Whitman, for the treatment of her premature birth and care at the NEMC NICU. It is believed that these bills total about $300,000. Copies of them have been requested, and upon receipt of same, they will be sent to the defendants.

The non-economic losses are not capable of being calculated in this fashion.

(D) Any insurance agreement under which any party may be liable to satisfy any judgment entered in this action, or to indemnify or reimburse for any payments made to satisfy any such judgment.

Plaintiffs do not have any such documents, if they exist at all, in their possession, custody or control.

Thank you.

Very truly yours,

Norman J. Fine

Encl.
Cc: Robert C. Anderson, Esq. (By FAX)