UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-12543-RGS

BROOKE WHITMAN, et al.

v.

AUTOMATIC DATA PROCESSING, INC., et al.

MEMORANDUM AND ORDER ON
PLAINTIFFS' THIRD MOTION TO AMEND

September 28, 2004

STEARNS, D.J.

On December 17, 2003, Joel Whitman and Brooke Whitman, individually and on behalf of their minor daughter, Samantha Whitman, filed a Complaint against Brooke Whitman's former employer, Channel One Communications Corp. (Channel One),[1] and its payroll administrator, Automatic Data Processing, Inc. (ADP). The Complaint alleged that an over-reporting of Brooke Whitman's income caused the Internal Revenue Service (IRS) to initiate collection proceedings, which resulted in a tax levy on Brooke Whitman's bank accounts. Plaintiffs further alleged that emotional stress resulting from Brooke Whitman's entanglement with the IRS caused her to suffer a pre-eclampsia, which led to the premature birth of Samantha.

On September 10, 2004, plaintiffs filed a motion to amend the Complaint to dismiss the claims of Joel and Samantha Whitman. Plaintiffs concede that no expert witness is willing to testify to a casual relationship between any emotional stress induced by the tax

---

[1] Channel One is being sued as the successor corporation to Brooke Whitman's former employer, Covered Concepts Marketing Services.

levy and Brooke Whitman's pre-eclampsia. Brooke Whitman, however, seeks to substitute a claim that she suffered post-partum depression because of defendants' conduct. ADP argues that Brooke Whitman should be estopped from asserting a new theory of medical damages because it is now clear that there was no good faith basis upon which to assert the pre-eclampsia claim at the time the Complaint was filed. Moreover, information regarding the post-partum depression claim was not provided as required under the automatic disclosure obligations of Fed. R. Civ. P 26(a).

The court is troubled by counsel's failure to disclose Brooke Whitman's treatment for post-partum depression before it was in his interest to do so and his evident failure to properly investigate a theory of damages that he endorsed through his signature at the time the Complaint was initially filed. See Fed. R. Civ. P. 11(b). There is a reluctance, however, to punish a client for the sins of her counsel, at least, where as here, any prejudice to the defendants can be remedied by simply extending the discovery deadline at this relatively early stage of the case. Consequently, the court will ALLOW the filing of the motion to amend. As an appropriate sanction, counsel is ORDERED to personally pay the reasonable costs of the deposition of the lately disclosed substitute expert witness, including defendants' reasonable attorneys' fees. The parties will submit within fifteen days of the date of this Order a proposed revised discovery schedule.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE