UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROOKE K. WHITMAN,            )
                              )
       Plaintiff              )    Civil Action No.
                              )    03-CV-12543RGS
vs.                           )
                              )
AUTOMATIC DATA PROCESSING, INC., )
and CHANNEL ONE               )
COMMUNICATIONS CORPORATION,   )
d/b/a CHANNEL ONE NETWORK,    )
                              )
       Defendants             )

## THIRD AMENDED COMPLAINT AND JURY CLAIM

### PARTIES

1. The Plaintiff, BROOKE K. WHITMAN, resides at 136 Woodbrook Lane, Hanson, Plymouth County, MA. Brooke K. Whitman is the wife of Joel Whitman and is the mother of Samantha Kate Whitman.

2. At all material times the Defendant, AUTOMATIC DATA PROCESSING, INC. (hereinafter, "ADP"), was a corporation registered to do business in the Commonwealth of Massachusetts, with a a principal place of business located at 1 ADP Blvd, Roseland, New Jersey. Defendant ADP has a registered agent, C.T. Corporation Systems, located at 101 Federal Street, Suite 300, Boston, Massachusetts.

3. At all material times the Defendant, CHANNEL ONE COMMUNICATIONS CORPORATION, d/b/a CHANNEL ONE NETWORK (hereinafter, "Channel One") was a corporation registered to do business in the Commonwealth of Massachusetts with a principal place of business located at 600 Madison Avenue, 6th Floor, New York, New York. Defendant Channel One has a registered agent, National Registered Agents, Inc., located at 303 Congress Street, Second Floor, Boston, Massachusetts.

### FACTS

4. From January until June of 1997, Brooke Whitman was employed by Cover Concepts Marketing Services (hereinafter, "Cover Concepts"). In June of 1997, Channel One acquired and became the successor in interest to Cover Concepts, and thereafter at all relevant times, she was employed by Channel One.

5. From January until June of 1997, ADP handled all payroll responsibilities for Cover Concepts' employees, including calculating and issuing employee paychecks, reporting employee incomes to the Internal Revenue Service (hereinafter the "IRS") and the Massachusetts Department of Revenue (hereinafter, "Mass. DOR"), and issuing W-2 Forms for Cover Concepts employees.

6. In June 1997, when Cover Concepts was purchased by Channel One, Channel One took over all payroll and tax reporting responsibilities for Cover Concepts employees.

7. In 1998, Channel One issued a W-2 form to Brooke Whitman for the year 1997, and in reliance thereon, she and her husband, Joel Whitman, filed a joint tax return for that year. In doing so, they reported all the income that she earned as an employee of Cover Concepts and Channel One for 1997.

8. Unknown to the plaintiffs, ADP also issued a W-2 form for Brooke Whitman for the year 1997, for the time that she worked for Cover Concepts from January to June 1997, and it also reported this information to the IRS. The ADP W-2 form had on it about $12,000 of income for the period from January to June 1997. This sum was part of the same income that was reported on the W-2 form that was issued by Channel One for 1997 as aforesaid. (Hereinafter, this will be referred to as the "duplication of income").

9. In 1999, Channel One recognized that there had been a duplication of income which had been reported to the IRS and Mass. DOR, and that this was incorrect, and it tried to rectify this situation with the IRS, so it would not take any action against Brooke Whitman, but it negligently failed to do this. It also was negligent in failing to rectify the situation with the Mass. DOR.

10. On October 13, 2000, Brooke Whitman and her husband, Joel Whitman, received a Notice of Levy from the IRS, alleging that they had under-reported their income by approximately $12,000.00 for the year 1997. At the same time, the IRS froze all of their bank accounts.

11. At the time the plaintiffs received notice of this tax levy and that the bank accounts had been frozen, Brooke Whitman was approximately fifteen weeks pregnant.

12. As a result of the IRS actions, Brooke Whitman was forced to hire attorneys and/or professionals to investigate what happened. Ultimately, plaintiff discovered that both Channel One and ADP had issued W-2 forms for the year 1997, and that the approximately $12,000 in income that she had earned while working for Cover Concepts from January to June 1997 was included on both W-2's, and this duplication of income had improperly been reported to the IRS.

13. The plaintiff, through her attorneys, disputed the Notice of Levy and, in the summer of 2001, prevailed in her appeal from the IRS's finding that she and her husband had under-reported their income for the year 1997.

14. In the spring of 2002, Brooke Whitman received notice from the Mass. DOR that she and her husband had under-reported their income in 1997 and had an outstanding tax liability to the Commonwealth of Massachusetts because of it. The basis of this claim was the same duplication of income on the W-2 forms issued by ADP and Channel One as aforesaid.

15. The plaintiff again retained counsel to deal with the Mass. DOR, and again prevailed.

16. During her dispute with the IRS, the bank accounts of Brooke Whitman were frozen from October 15, 2000 until the summer of 2001, when the matter was resolved.

17. From October 15, 2000 until the dispute with the IRS was resolved, Brooke Whitman suffered extreme financial hardships and emotional distress, all as a direct and proximate result of the duplication of income for the year 1997 as aforesaid.

18. As a direct and proximate result of the emotional distress suffered by Brooke Whitman as aforesaid, she developed post-partum depression after the birth of her daughter, Samantha Kate Whitman.

19. As a result of the post-partum depression as aforesaid, Brooke Whitman suffered substantial personal injuries, had to undergo medical treatment, and incurred significant expenses for her medical care and attention.

## CAUSES OF ACTION

1. This is an action by the plaintiff, Brooke Whitman, against the defendant, ADP, for negligence resulting in personal injuries.

2. This is an action by the plaintiff, Brooke Whitman, against the defendant, Channel One, for negligence resulting in personal injuries.

## DEMANDS FOR RELIEF

1. The plaintiff demands judgment against the defendant, ADP, on the First Cause of Action, with interest and costs.

2. The plaintiff demands judgment against the defendant, Channel One, on the Second Cause of Action, with interest and costs.

## JURY CLAIM

The Plaintiff demands a trial by jury.

                                        The Plaintiff,
                                        By Her Attorneys,

Dated: 9/9/04

                                        */s/ Norman J. Fine*
                                        Norman J. Fine, Esq. (BBO #165280)
                                        Robert Anderson, Esq. (BBO #018520)
                                        NORMAN J. FINE, P.C.
                                        200 State Street - 3 North
                                        Boston, MA 02109
                                        (617) 345-0000