UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[illegible office stamp]

2004 OCT 29  P 12: 53

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| BROOKE K. WHITMAN,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC.,<br>And CHANNEL ONE COMMUNICATIONS<br>CORPORATION, d/b/a CHANNEL ONE<br>NETWORK,<br><br>Defendants. | Civil Action No.:<br>03-CV-12543 RGS |

## DEFENDANT CHANNEL ONE COMMUNICATIONS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION THAT THE COURT RECONSIDER ITS ORDER FOR SANTIONS AGAINST PLAINTIFF'S COUNSEL

Channel One Communications Corporation ("Channel One") opposes plaintiff Brooke Whitman's motion to reconsider the Court's Order of sanctions against her counsel. Further, Channel One requests that the Court reconsider its allowance of Brooke Whitman's motion to file a Third Amended Complaint. Plaintiff's motion to reconsider reveals that plaintiff Brooke Whitman, not her attorneys, did not divulge her alleged post-partum depression until after no expert could be found to support her theory of stress-induced pre-eclampsia.

It its initial ruling, the Court drew the reasonable conclusion that it should not penalize the plaintiff, Brooke Whitman, for the error of her attorney(s) and allowed the plaintiff's motion to amend her Complaint for the third time. In its ruling on September 28, 2004 the Court explained:

> The court is troubled by counsel's failure to disclose Brooke Whitman's treatment for post-partum depression before it was in his interest to do so and his evident failure to properly investigate a theory of damages that he endorsed through his signature at the time the Complaint was initially filed. See Fed. R. Civ. P. 11(b). *There is a reluctance, however, to punish a client for the sins of her counsel, at least, where as here, any prejudice to the defendants can be remedied by simply extending the discovery deadline at this relatively early stage of the case.*

Memorandum and Order on Plaintiffs' Third Motion to Amend (September 28, 2004) (Emphasis added.)

Plaintiff's motion to reconsider reveals that it was the plaintiff herself who did not disclose her alleged post-partum depression until it was obvious that the pre-eclampsia theory was completely unsupported by medical evidence. On page three of the motion to reconsider Attorney Norman Fine states that: "He was totally unaware of any post-partum depression until just prior to the deadline for identifying expert witnesses, in July 2004." The plaintiff's other attorney, Robert Anderson, who is also Brooke Whitman's father, swore in his affidavit that he "only learned of [the post-partum depression] just before the deadline for disclosing expert witnesses." See Affidavit of Robert C. Anderson, Esquire, ¶29.

The statute of limitations had run before Brooke Whitman disclosed her putative post-partum depression and she should not be rewarded with a third chance to amend her Complaint. The Court's original decision to allow the motion to amend appeared based on the non-disclosure of the post-partum allegation being the mistake of the attorneys. Now it is clear from the motion to reconsider and the Affidavit of Robert C. Anderson that it was Brooke Whitman, the plaintiff, who withheld the information. Therefore,

2

defendant Channel One requests that the Court reconsider its allowance of the motion to amend Brooke Whitman's Complaint and deny the motion.

Nor is Attorney Fine's proffered excuse that he received the case shortly before the statute of limitations was to run a basis for reconsideration on the Order of sanctions. In fact, the argument supports denial of the motion to amend. No matter what the timing of an applicable statute of limitations, Fed. R. Civ. P. 11 still imposes certain obligations on an attorney signing a pleading. Specifically, the Rule warns that the signature of any attorney to a pleading constitutes a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have **evidentiary support**." (Emphasis added.)

The two so-called articles that Attorney Robert Anderson and Attorney Fine in turn relied upon to support the theory that stress can cause pre-eclampsia are ridiculous. No attorney could argue that those studies provide evidentiary support for the allegation. One was a study by PhD's, not medical doctors, performed on rats in Brazil. The other, a 2000 study from Helsinki, Finland, assessed anxiety in pregnant women by using only "one established question." Not only would these studies not withstand a *Daubert* hearing, they are laughable, especially when viewed with all the credible medical evidence, which opines that the cause of pre-eclampsia is not known. Attorney Anderson even admits in his affidavit that he was informed that "the general belief is that the 'cause' of pre-eclampsia is not known." See Anderson Affidavit, ¶ 21.

If counsel's excuse that the statute of limitations was running so he had to file suit is endorsed then the statute of limitations has no meaning. Counsel will be rewarded for filing a Complaint with incorrect and unsupported allegations to avoid the statute expiring. In the motion Attorney Fine admits that he filed the Complaint "without doing additional investigation into the medical causation issue." See Plaintiff's Motion, p. 2, ¶ (a). A quick reading of the single paragraph abstracts from Attorney Anderson should have set off warning bells for Attorney Fine. Less than half a day's research would have informed Attorney Fine that the pre-eclampsia theory was untenable. In fact, counsel for Channel One spent two and one half hours one day and obtained ample material on pre-eclampsia to know the plaintiff had no case. Certainly Attorney Fine had two and one half hours before he filed the Complaint to research the issue even minimally.

Rather than file a lawsuit "without doing additional investigation into the medical causation issue," Attorney Fine could have declined the case. However, once he drafted the Complaint and signed his name to the pleading he was bound by the requirements of Fed. R. Civ. P. 11. Also, as Attorney Robert Anderson points out in paragraph 1 of his Affidavit he is licensed to practice law in the Commonwealth of Massachusetts. He could have filed the lawsuit on behalf of his daughter at any time. He did not need Attorney Norman Fine to file the Complaint. No special dispensation should be given because Attorney Anderson chose to co-counsel with Attorney Norman Fine toward the expiration of the statute of limitations, rather than file the lawsuit himself.

Attorney Anderson, plaintiff Brooke Anderson's father, swears in his affidavit that he "performed a thorough medical literature search on the relationship, if any, between stress and pre-eclampsia." See Affidavit of Robert C. Anderson, Esquire, ¶12.

4

If so, then his research must have revealed that these obscure studies from Finland and Brazil (involving rats, not humans) were two lone voices crying in the wilderness. The vast majority of literature does not support any link between stress and pre-eclampsia.

Also, a scan of medical literature is not sufficient. Fed. R. Civ. P. 11 (b) required "evidentiary support" for the allegation. Most counsel for plaintiffs have their medical experts in line before filing suit. Certainly Attorney Anderson (even if Attorney Fine did not) had time to obtain an expert. In his affidavit Attorney Anderson reveals that he knew in January 2001 that his daughter, plaintiff Brooke Whitman, while in the hospital awaiting a Caesarian section was "agitated and upset, and was talking to [him] about yet another IRS collection attempt." So certainly the almost three year period from January 2001 to the original Complaint being filed on December 17, 2003 provided more than ample time for Attorney Anderson to retain an expert. The simple and scientific truth is that he could not find an expert to testify that stress causes pre-eclampsia because none exist.

For these reasons, Channel One requests that the Court: (1) reconsider its ruling on the motion to amend and deny that motion, or in the alternative (2) deny the plaintiff's motion to reconsider and maintain the sanctions ordered if the case is not dismissed.

CHANNEL ONE
COMMUNICATIONS
CORPORATION
By its attorney,

Ann M. Donovan
BBO # 552819
Law Office of Ann M. Donovan
1087 Beacon Street—Suite 204
Newton, MA 02459
(617) 965-3222

## CERTIFICATE OF SERVICE

I, Ann M. Donovan, do hereby certify that on this day I served a copy of the foregoing by first class mail, postage prepaid on the following:

Norman J. Fine, Esquire
Robert Anderson, Esquire
Norman J. Fine, P.C.
200 State Street--3 North
Boston, MA 02109

Paul R. DeRensis, Esquire
Robert D. Hillman, Esquire
Deutsch Williams Brooks DeRensis & Holland, P.C.
99 Summer Street
Boston, MA 02110

Ann M. Donovan

Date: October 28, 2004